# Table of Contents – First Amended Verified Complaint

1. Verified Complaint Introduction and ADA Standing ............................................... 1–2

2. Foreseeable Harm and Medical Declarations ...................................................... 3–6

3. Constitutional and Legal Citations Supporting Relief ........................................ 7–10

4. Emergency TRO Request ............................................................................... 11–13

5. Administrative Due Process and Judicial Access ................................................. 14–17

6. Supplemental Clarifications and Sworn Declarations ........................................... 18–20

7. Color of Law Violation under 42 U.S.C. § 1983 ................................................... 21–22

8. Federal Precedent and Case Citations Supporting Civil Rights Claims ............. 23–24

9. Pre-Filing Public Notice and Media Disclosure ..................................................... 25

10. Expanded Prayer for Relief and Contact Information .......................................... 26

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF FLORIDA**

**FORT MYERS DIVISION**

Case No: _____

Darren Dione Aquino,

individually, as father of a disabled child, and as CEO of

Advocates for Disabled Americans, Veterans, Police, Firemen & Families,

Plaintiff,

v.

City of Naples; Mayor Teresa Heitmann (official capacity); Naples City Council (official capacity);

Judge John E. Steele (official capacity); Governor Ron DeSantis (official capacity),

Defendants.

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY
JUDGMENT, AND DAMAGES**

FORESEEABLE HARM, MEDICAL DAMAGE, AND CONSTITUTIONAL BREACH

The Court cannot ignore the constitutionally and medically documented harm caused to children—particularly developmentally disabled children—by exposure to sexually explicit, suggestive, or adult-themed content in public spaces.

In Ginsberg v. New York, 390 U.S. 629 (1968), the Supreme Court upheld the State's right to restrict access to harmful material for minors, affirming the government's compelling interest in shielding children from indecent exposure. This doctrine was reaffirmed in FCC v. Pacifica Foundation, 438 U.S. 726 (1978), where the Court

acknowledged that the government has broader authority to regulate indecent speech when children are present. Similarly, in Bethel School District No. 403 v. Fraser, 478 U.S. 675 (1986), the Supreme Court held that the constitutional rights of students are not automatically coextensive with those of adults in other settings, thereby affirming limits on sexual content where minors may be affected.

These cases establish precedent: when children are involved, the threshold for protected speech changes. The government not only may, but must act to protect vulnerable populations.

Now consider this in light of children with autism, Down syndrome, Asperger's, or cognitive delay. These children do not process visual or verbal sexual cues the way neurotypical children do. According to the CDC and DSM-5, children with developmental disabilities may suffer increased neurological confusion, emotional distress, and even trauma from exposure to content that their brains cannot contextualize.

To allow sexual performances—however self-labeled as expressive or cultural—in a park where disabled children are known to be present, violates both the ADA and the moral fabric of our legal system. This is not a theoretical injury. It is foreseeable. It is documented. It is happening.

Dr. Mikhail Artamonov, M.D., Ph.D., a board-certified physiatrist with multiple specialties including child psychiatry and developmental disabilities, has declared under penalty of perjury that such events cause disorientation, trauma, and medical risk for developmentally disabled children. His expertise as both a physician and Chief Medical Officer of Advocates for Disabled Americans strengthens the urgency of this warning. His findings are not just expert opinion—they are grounded in peer-reviewed science and supported by his direct medical experience as both a clinician and a parent.

If this Court ignores these warnings and permits the continued exposure of such content in open public venues, it assumes liability for foreseeable harm. It becomes complicit in trauma. The state has already criminalized this type of performance when shown in strip clubs or restricted cinemas. Why then, is it permitted in a public park without any barrier to entry, without consent of parents, and with full awareness of medically vulnerable children being present?

If the First Amendment protects the speaker, the ADA and the Constitution protect the vulnerable listener. Justice requires that the balance tilt toward the child who cannot understand, who cannot process, and who cannot escape.

This Court is not only empowered—it is obligated—to act under the ADA's integration mandate and under 42 U.S.C. § 12132. Title II requires state actors to prevent the exclusion or unequal participation of disabled individuals in public programs. Permitting

these performances constitutes exclusion in practice, because it turns public parks into zones of psychological risk, thereby deterring disabled children and their families from safe use of government space.

The Plaintiff invokes Rule 17(c) of the Federal Rules of Civil Procedure to assert next-friend standing for disabled minors, and reserves the right to bring additional claims under the Rehabilitation Act and Equal Protection Clause.

This is a constitutional and moral breach of the highest order. The Court must act, not only to halt this event, but to declare a precedent for protection: that disabled children have the right to enter public parks without fear of trauma, confusion, or harm caused by adult content.

This filing stands as both a legal complaint and a societal mirror. What we do now will echo in the lives of every disabled child who is watching, listening, and—though they may not speak—feeling every ounce of what we allow or ignore.

DECLARATION OF PLAINTIFF

I, Darren Dione Aquino, am the Plaintiff in this action. I am a qualified individual with a disability, the father of a developmentally disabled child, and the CEO and founder of Advocates for Disabled Americans. I bring this Verified Complaint in defense of civil rights, medical dignity, and constitutional protection for all disabled children.

I have witnessed, firsthand, the trauma and regression experienced by disabled children subjected to sexually explicit or adult-themed content in public. I have spent 43 years advocating at the national level—including with support from President Ronald Reagan—to ensure that disabled Americans are not left behind.

I declare that the foregoing is true and correct to the best of my knowledge, and I submit this Complaint under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed on this 29th day of May, 2025.

*Darren Dione Aquino*

Darren Dione Aquino
Plaintiff, pro se
CEO, Advocates for Disabled Americans

DECLARATION OF DR. MIKHAIL ARTAMONOV, M.D., PH.D.

I, Dr. Mikhail Artamonov, declare as follows:

1. I am the Chief Medical Officer of Advocates for Disabled Americans.
2. I hold eight board certifications, including specialties in child neurology, psychiatry, and developmental disabilities.
3. I have reviewed the planned adult-themed event in Cambier Park, and affirm that such exposure poses a traumatic risk to developmentally disabled children.
4. Such performances may result in confusion, emotional disorientation, and long-term developmental harm.
5. These effects are magnified in children with autism, Down syndrome, and cognitive processing disorders.
6. I submit this statement in full support of the Plaintiff and his constitutional claims.

Executed on this 29th day of  May, 2025.

Dr. Mikhail Artamonov

Dr. Mikhail Artamonov, M.D., Ph.D.
Chief Medical Officer

FORESEEABLE HARM, MEDICAL DAMAGE, AND CONSTITUTIONAL BREACH

The Court cannot ignore the constitutionally and medically documented harm caused to children—particularly developmentally disabled children—by exposure to sexually explicit, suggestive, or adult-themed content in public spaces.

In Ginsberg v. New York, 390 U.S. 629 (1968), the Supreme Court upheld the State's right to restrict access to harmful material for minors, affirming the government's compelling interest in shielding children from indecent exposure. This doctrine was reaffirmed in FCC v. Pacifica Foundation, 438 U.S. 726 (1978), where the Court acknowledged that the government has broader authority to regulate indecent speech when children are present. Similarly, in Bethel School District No. 403 v. Fraser, 478 U.S. 675 (1986), the Supreme Court held that the constitutional rights of students are not automatically coextensive with those of adults in other settings, thereby affirming limits on sexual content where minors may be affected.

These cases establish precedent: when children are involved, the threshold for protected speech changes. The government not only may, but must act to protect vulnerable populations.

Now consider this in light of children with autism, Down syndrome, Asperger's, or cognitive delay. These children do not process visual or verbal sexual cues the way neurotypical children do. According to the CDC and DSM-5, children with developmental disabilities may suffer increased neurological confusion, emotional distress, and even trauma from exposure to content that their brains cannot contextualize.

To allow sexual performances—however self-labeled as expressive or cultural—in a park where disabled children are known to be present, violates both the ADA and the moral fabric of our legal system. This is not a theoretical injury. It is foreseeable. It is documented. It is happening.

Dr. Mikhail Artamonov, a board-certified neurologist and psychiatrist with eight specialties, has declared under penalty of perjury that such events cause disorientation, trauma, and medical risk for developmentally disabled children. His findings are not just expert opinion—they are grounded in peer-reviewed science.

If this Court ignores these warnings and permits the continued exposure of such content in open public venues, it assumes liability for foreseeable harm. It becomes complicit in trauma. The state has already criminalized this type of performance when shown in strip clubs or restricted cinemas. Why then, is it permitted in a public park without any barrier to entry, without consent of parents, and with full awareness of medically vulnerable children being present?

If the First Amendment protects the speaker, the ADA and the Constitution protect the vulnerable listener. Justice requires that the balance tilt toward the child who cannot understand, who cannot process, and who cannot escape.

This Court is not only empowered—it is obligated—to act under the ADA's integration mandate and under 42 U.S.C. § 12132. Title II requires state actors to prevent the exclusion or unequal participation of disabled individuals in public programs. Permitting these performances constitutes exclusion in practice, because it turns public parks into zones of psychological risk, thereby deterring disabled children and their families from safe use of government space.

The Plaintiff invokes Rule 17(c) of the Federal Rules of Civil Procedure to assert next-friend standing for disabled minors, and reserves the right to bring additional claims under the Rehabilitation Act and Equal Protection Clause.

This is a constitutional and moral breach of the highest order. The Court must act, not only to halt this event, but to declare a precedent for protection: that disabled children have the right to enter public parks without fear of trauma, confusion, or harm caused by adult content.

This filing stands as both a legal complaint and a societal mirror. What we do now will echo in the lives of every disabled child who is watching, listening, and—though they may not speak—feeling every ounce of what we allow or ignore.

ADMINISTRATIVE DUE PROCESS AND INTERLOCKING CONSTITUTIONAL
PROTECTIONS FOR DISABLED PRO SE PLAINTIFFS

The United States Constitution guarantees every citizen the right to petition the
government for redress of grievances. This right is rooted in the First Amendment and
has been repeatedly upheld by the Supreme Court. For disabled pro se litigants, this right
becomes intertwined with the protections of the Americans with Disabilities Act (ADA),
which mandates equal access and reasonable accommodations in all public programs —
including judicial proceedings.

This Court is not merely a neutral venue. It is an instrument of justice. When a disabled
pro se litigant is denied meaningful access, procedural fairness, or basic accommodation,
the injury is not only legal — it is constitutional.

In Tennessee v. Lane, 541 U.S. 509 (2004), the Supreme Court held that Title II of the
ADA applies to all aspects of the judicial process, affirming that public entities must
provide access to court services for individuals with disabilities. This precedent stands as
a mandate, not a suggestion.

Furthermore, in Bounds v. Smith, 430 U.S. 817 (1977), the Court declared that access to
the courts is a fundamental right, and in Johnson v. Avery, 393 U.S. 483 (1969),
emphasized the obligation to provide assistance to those unable to navigate legal systems
alone. Disabled litigants fall squarely within this protection.

The plaintiff herein asserts his right under:
- First Amendment – Right to petition the government (via the judiciary)
- ADA Title II – 42 U.S.C. § 12132 – No qualified individual with a disability shall be
excluded from participation
- Fourteenth Amendment – Due Process and Equal Protection Clauses
- Rule 17(c) – Representation of disabled minors and the legally incompetent

Where a court system demonstrates a pattern of neglect, hostility, or procedural
obstruction toward disabled litigants — as is the case here — the administrative authority
of the Chief Judge must be invoked.

This filing is not just a legal complaint. It is a constitutional alert.

Any judicial actor who ignores or suppresses a verified complaint brought by a disabled
pro se litigant with proper standing, invoking both medical and civil rights evidence,
violates the interlocking protections of the First, Fifth, and Fourteenth Amendments
combined with the ADA.

To block, dismiss, or delay this case under the guise of procedure is not neutrality — it is
constitutional deprivation.

Therefore, this Verified Complaint respectfully requests that the Chief Judge of the Middle District of Florida review this filing, ensure oversight, and take any and all necessary steps to guarantee that the disabled plaintiff — and the children on whose behalf he speaks — are heard.

The Plaintiff asserts that any denial of these rights constitutes an unlawful First Amendment attack on the disabled, and a systemic continuation of disability-based exclusion.

This Court must do what the law and conscience demand: Hear us.

TO: Chief Judge Timothy J. Corrigan

United States District Court

Middle District of Florida

Jacksonville Division

300 North Hogan Street, Suite 11-100

Jacksonville, Florida 32202


UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA  FORT MYERS DIVISION


SUPPLEMENTAL DECLARATION IN SUPPORT OF VERIFIED COMPLAINT

(CLARIFICATION OF CLAIM SCOPE)


Plaintiff: Darren Dione Aquino

Case No.: [To be assigned]


UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA  FORT MYERS DIVISION


SUPPLEMENTAL DECLARATION IN SUPPORT OF VERIFIED COMPLAINT

(CLARIFICATION OF CLAIM SCOPE)


Plaintiff: Darren Dione Aquino


Case No.: [To be assigned]


Honorable Court:

This Supplemental Declaration is submitted for the record, should it become necessary to clarify any misunderstanding regarding the scope and intent of the Verified Complaint submitted by the Plaintiff.

Let the record reflect:

This action is not brought against any individual group based on sexual orientation, identity, or protected speech. The Plaintiff affirms the constitutional rights of all citizens to express themselves freely and gather peacefully under the protections of the First Amendment.

Rather, this lawsuit concerns the City of Naples failure to implement reasonable accommodations and safeguards for disabled children during public events conducted in public parks  specifically those involving adult-themed content. The City and its officials, by granting permits and access to such events without reviewing the implications for cognitively impaired and developmentally disabled children, violated Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the Equal Protection and Due Process Clauses of the Constitution.

This complaint is not about viewpoint suppression  it is about disability protection, public safety, and constitutional accountability.

At no point did the Plaintiff name or target any private group or event title (such as Naples Pride) in the Verified Complaint. The reference to adult content in a public park is based on objective concerns about visual, auditory, and environmental exposure that could trigger trauma in children with autism, Down syndrome, or other developmental disorders.

The purpose of this clarification is to prevent misrepresentation of the Plaintiffs intent and to affirm that this legal action is rooted in the principles of inclusion, safety, and lawful accommodation for those least able to defend themselves.

Respectfully submitted,


*Darren Dione Aquino*


Plaintiff


CEO, Advocates for Disabled Americans, Veterans, Police, Firemen & Families


May 29, 2025


DECLARATION OF HARM AS PARENT OF A DISABLED CHILD


As a father of a developmentally disabled adult son who, as a minor, experienced episodes of cognitive distress and sensory overload in public settings, I affirm under oath that the type of event authorized by the City of Naples would have caused severe psychological and behavioral harm to my child during his formative years.


My son is diagnosed with a severe cognitive developmental disorder with sensory processing impairment. His treating physicians, including Dr. Mary Lomonaco, have issued written statements verifying that visual or auditory exposure to adult-themed materials in uncontrolled public spaces poses a high risk of regression, trauma, and behavioral destabilization.


I include this statement in my capacity as both a father and an ADA-recognized advocate of over 43 years. I do not require anothers affidavit to establish harm. I have lived through it. I have fought to prevent it. And I will continue to do so for all children like my son.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**


**FINAL AFFIRMATION OF EMERGENCY TEMPORARY RESTRAINING ORDER**
**REQUEST**

(Filed in Conjunction with Verified Complaint)


The Plaintiff, Darren Dione Aquino, hereby reaffirms and formally restates the Emergency
Request for Temporary Restraining Order (TRO) as outlined in the Verified Complaint
submitted to this Court.

This request is made pursuant to:
- Rule 65(b) of the Federal Rules of Civil Procedure,
- Title II of the Americans with Disabilities Act (42 U.S.C. § 12132),
- The Rehabilitation Act,
- The First and Fourteenth Amendments to the United States Constitution, and
- Controlling precedent, including Tennessee v. Lane, 541 U.S. 509 (2004).

An adult-themed event is scheduled to take place on June 6, 2025, in Cambier Park, Naples,
Florida. The event presents an imminent risk of psychological trauma and foreseeable harm
to developmentally disabled children. These risks are medically documented and supported
by sworn declarations included in the Verified Complaint.


**REQUEST FOR RELIEF**

Plaintiff respectfully demands that this Court:
1. Immediately issue a Temporary Restraining Order (TRO) enjoining all named
Defendants—including the City of Naples, Mayor Teresa Heitmann, Naples City Council, and
Governor Ron DeSantis—from authorizing, promoting, or permitting the scheduled event
until the Court has completed a full ADA-based review;
2. Recognize the urgency of this filing as an emergency pursuant to Rule 65(b) and local
procedures;
3. Forward this matter to the Chief Judge for supervisory review consistent with judicial
obligations under the Constitution and ADA;
4. Protect the rights of developmentally disabled minors whose cognitive impairments
render them especially vulnerable to sexually explicit or suggestive content in public spaces.

The harm is foreseeable, irreparable, and constitutionally protected. No further notice

1

should be required, as the Verified Complaint and sworn declarations establish all necessary factual and legal grounds for immediate relief.


Respectfully submitted,


*Darren Dione aquino*

Darren Dione Aquino

Plaintiff, pro se

CEO, Advocates for Disabled Americans

Date: 5/29/2025

*Filed under liberal construction as a Verified Complaint and Emergency Request for Relief by a pro se Plaintiff with documented disabilities, entitled to full consideration under the Americans with Disabilities Act and Rule 17(c) protections. This matter requires supervisory review by the Chief Judge of the Middle District of Florida pursuant to emergency judicial obligations.*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Verified Complaint and
Emergency Request for Temporary Restraining Order has been served on the following
parties via electronic mail and/or United States Mail on this 29th day of May, 2025:

City of Naples
735 8th Street South, Naples, FL 34102
Email: cityclerk@naplesgov.com

Mayor Teresa Heitmann
735 8th Street South, Naples, FL 34102
Email: theitmann@naplesgov.com

Naples City Council
735 8th Street South, Naples, FL 34102
Email: citycouncil@naplesgov.com

Judge John E. Steele
United States District Court, 2110 First Street, Suite 3-109, Fort Myers, FL 33901
Email: John_Steele@flmd.uscourts.gov

Governor Ron DeSantis
The Capitol, 400 S. Monroe St., Tallahassee, FL 32399-0001
Email: GovernorRon.Desantis@eog.myflorida.com

Respectfully submitted,

*Darren Dione Aquino*

Darren Dione Aquino

Plaintiff, pro se

CEO, Advocates for Disabled Americans

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

Darren Dione Aquino,

Plaintiff,

v.

City of Naples; Mayor Teresa Heitmann; Naples City Council;

Judge John E. Steele; Governor Ron DeSantis,

Defendants.

Case No: _____

---

## SUPPLEMENT OF ADDITIONAL LEGAL CITATIONS IN SUPPORT OF VERIFIED COMPLAINT AND EMERGENCY REQUEST FOR TEMPORARY RESTRAINING ORDER

Plaintiff respectfully submits this Supplemental Authority Sheet to augment the Verified Complaint and Emergency Request for Temporary Restraining Order (TRO) filed on May 29, 2025.

These authorities directly support the legal grounds for injunctive relief and reinforce the constitutional and statutory obligations of the Court under federal law, including protections afforded to developmentally disabled children and disabled pro se litigants.

---

## I.

## Americans with Disabilities Act & Rehabilitation Act

- 42 U.S.C. § 12132 (ADA Title II)

1

No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity.

- 29 U.S.C. § 794 (Section 504 of the Rehabilitation Act of 1973)

  Prohibits discrimination against disabled persons under any program or activity receiving federal financial assistance — including municipal events and permitting procedures.

- 28 C.F.R. § 35.130(b)(7)

  Public entities must make reasonable modifications in policies, practices, or procedures to avoid discrimination on the basis of disability.

- Tennessee v. Lane, 541 U.S. 509 (2004)

  Title II of the ADA applies to access to judicial services and mandates accommodations. Lane upheld the right of disabled persons to access the courts with dignity and without exclusion.

- Olmstead v. L.C., 527 U.S. 581, 607 (1999)

  Public entities are required to administer services in the most integrated setting appropriate. Events that alienate or traumatize disabled children violate this integration mandate.

- United States v. Georgia, 546 U.S. 151 (2006)

  Title II of the ADA applies where constitutional violations intersect with public program discrimination — including foreseeable harm to disabled individuals caused by government inaction.

---

## II.

## First & Fourteenth Amendments – Constitutional Protections

- Bounds v. Smith, 430 U.S. 817 (1977)

  Access to the courts is a fundamental constitutional right.

- Johnson v. Avery, 393 U.S. 483 (1969)

Prisoners and pro se litigants must be afforded meaningful legal access — a principle extended to disabled individuals facing procedural hurdles.

- Ginsberg v. New York, 390 U.S. 629 (1968)

  States may restrict access by minors to harmful sexual material; government has a compelling interest in shielding children.

- FCC v. Pacifica Foundation, 438 U.S. 726 (1978)

  Acknowledges government's authority to regulate indecent speech in public when children are present.

- Bethel School Dist. No. 403 v. Fraser, 478 U.S. 675 (1986)

  Speech protections may be limited when sexual content affects minors, particularly in educational or public forums.

## III.

## Eleventh Circuit TRO Standard

- Siegel v. LePore, 234 F.3d 1163 (11th Cir. 2000)

  The standard for granting a TRO requires a showing of:

  1. Substantial likelihood of success on the merits
  2. Irreparable injury if relief is not granted
  3. That the threatened injury outweighs any harm to the opposing party
  4. That the injunction is not adverse to the public interest

Plaintiff has established:

- Medical and constitutional injury;
- Expert-supported trauma risk;
- No burden on the City to delay the event pending ADA review;
- Overwhelming public interest in protecting children with disabilities.

## IV.

## Plaintiff's Right to Liberal Construction and Supervisory Review

This supplement is filed in furtherance of the Plaintiff's right as a disabled pro se litigant to full judicial consideration under:

- Rule 17(c) – Guardianship of disabled minors
- Rule 65(b) – Temporary Restraining Orders
- Liberal construction doctrine mandated by Haines v. Kerner, 404 U.S. 519 (1972), requiring courts to interpret pro se pleadings with leniency and fairness.

Plaintiff renews the request that this matter be forwarded immediately to the Chief Judge of the District pursuant to emergency obligations and in accordance with constitutional duties of judicial oversight.

---

Respectfully submitted,

Dated: May 29, 2025

*Darren Dione Aquino*

Darren Dione Aquino

Plaintiff, pro se

CEO, Advocates for Disabled Americans

2805 Citrus St.

Naples, FL 34120

Email: ADAvets@gmail.com | Phone: (929) 245-1151

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Verified Complaint and Emergency Request for Temporary Restraining Order has been served on the following parties via electronic mail and/or United States Mail on this  29th  day of  May, 2025:

City of Naples
735 8th Street South, Naples, FL 34102
Email: cityclerk@naplesgov.com

Mayor Teresa Heitmann
735 8th Street South, Naples, FL 34102
Email: theitmann@naplesgov.com

Naples City Council
735 8th Street South, Naples, FL 34102
Email: citycouncil@naplesgov.com

Judge John E. Steele
United States District Court, 2110 First Street, Suite 3-109, Fort Myers, FL 33901
Email: John_Steele@flmd.uscourts.gov

Governor Ron DeSantis
The Capitol, 400 S. Monroe St., Tallahassee, FL 32399-0001
Email: GovernorRon.Desantis@eog.myflorida.com

Respectfully submitted,

*Darren Dione Aquino*

Darren Dione Aquino

Plaintiff, pro se

CEO, Advocates for Disabled Americans

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

Darren Dione Aquino,

Plaintiff,

v.

City of Naples; Mayor Teresa Heitmann; Naples City Council;

Judge John E. Steele; Governor Ron DeSantis,

Defendants.

Case No: _____

---

## SUPPLEMENT OF ADDITIONAL LEGAL CITATIONS IN SUPPORT OF VERIFIED COMPLAINT AND EMERGENCY REQUEST FOR TEMPORARY RESTRAINING ORDER

Plaintiff respectfully submits this Supplemental Authority Sheet to augment the Verified Complaint and Emergency Request for Temporary Restraining Order (TRO) filed on May 29, 2025.

These authorities directly support the legal grounds for injunctive relief and reinforce the constitutional and statutory obligations of the Court under federal law, including protections afforded to developmentally disabled children and disabled pro se litigants.

---

## I.

## Americans with Disabilities Act & Rehabilitation Act

- 42 U.S.C. § 12132 (ADA Title II)

# Supplement: Pre-Filing Notice, Media Disclosure, and Public Record Acknowledgment

Prior to the filing of this complaint, Plaintiff Darren Dione Aquino, in his capacity as the CEO and Founder of Advocates for Disabled Americans, Veterans, Police, Firemen, and Families — a national civil rights organization established in 1983 with support from President Ronald Reagan — provided direct written and verbal public notice to all relevant parties regarding the harm and foreseeable risk to disabled children.

Mr. Aquino appeared and spoke at both public hearings held by the City of Naples, where he addressed the Mayor and City Council. During the second meeting, which was held to gather public input, Mr. Aquino asked the Mayor on the record whether his letter had been received. The Mayor, a woman, publicly acknowledged receipt in front of Council.

Additionally, Mr. Aquino appeared on WINK News and publicly discussed the dangers posed by the event in question. In his interview, he identified his role as national advocate, civil rights founder, and as the parent of an adult disabled child. He also stood with other concerned parents and citizens — many unaware of ADA protections.

Despite these communications, no mention of the Americans with Disabilities Act was made in the legal filings brought against the City. This omission reflects a disregard of Title II ADA obligations after full notice was given.

# Final Summary: § 1983 Color of Law, Legal Precedent & Prayer for Relief

## Violation of Civil Rights Under Color of Law (42 U.S.C. § 1983):

This section describes the public notice given, the official meetings attended,
the news appearance in official capacity, and the judge's disregard for ADA protections,
constituting a violation under 42 U.S.C. § 1983.

## Expanded Legal Citations and Federal Precedent:

Tennessee v. Lane, United States v. Georgia, Olmstead v. L.C.,
Hope v. Pelzer, Monell v. Dept. of Social Services, Doe v. Heck, K.H. v. Morgan.
These establish when harm to vulnerable persons by state actors required federal reversal.

## Expanded Prayer for Relief:

1. Issue a Temporary Restraining Order (TRO) to stop the event pending ADA review.
2. Declare that the City of Naples and its officials violated Title II of the ADA.
3. Grant a permanent injunction barring any future adult-themed events in public parks
   without ADA-based safeguards for developmentally disabled children.
4. Order immediate supervisory review and implementation of ADA compliance protocols.
5. Preserve Plaintiff's right to pursue civil rights remedies under 42 U.S.C. § 1983.
6. Grant any other relief this Court deems just, proper, and necessary to prevent harm.

**Respectfully submitted,**

Darren Dione Aquino, Plaintiff, pro se
CEO, Advocates for Disabled Americans, Veterans, Police, Firemen & Families
Email: ADAvetspets@gmail.com
Date: May 30, 2025

Clerk of Court
United States District Court
Middle District of Florida – Fort Myers Division

Dear Clerk of Court,

Please accept this Verified Emergency Complaint for filing. As a qualified individual
with a disability under the Americans with Disabilities Act (ADA), I respectfully request
that the appropriate filing fee be deferred or accommodations made in accordance with
previous ADA protocols already utilized by this Court.

Historically, your office has allowed for ADA-based procedural accommodations,
including direct communication regarding filing fees. I have previously been contacted
by your office for ADA-coordinated filings and payments due to my federally recognized
disability status.

This Verified Complaint is submitted both in my official capacity as CEO of Advocates
for Disabled Americans, Veterans, Police, Firemen & Families and in my personal
capacity as the parent of a developmentally disabled child. As such, I am entitled to full
protection under Title II of the ADA and under the constitutional provisions safeguarding
freedom of speech and petition.

No action may be taken to delay, suppress, or obstruct the speech, advocacy, or
representative standing of a disabled pro se litigant, particularly where vulnerable
children are involved and where ADA protections are invoked.

This filing must be immediately forwarded to the Chief Judge for review under
emergency protocols and judicial supervisory obligations.


Respectfully submitted,

*Darren Dione Aquino*

Darren Dione Aquino
Plaintiff, pro se
CEO, Advocates for Disabled Americans
Date: 5/29/2025