UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

CASE NO. 2:25-cv-00460

# UNITED STATES DISTRICT COURT
Middle District of Florida

## SUPPLEMENTAL DECLARATION & LEGAL BRIEF

In Support of Protected Speech, Organizational Advocacy, and ADA-Based Standing

Submitted by:

DARREN DIONE AQUINO

CEO, Advocates for Disabled Americans, Veterans, Police, Firemen & Families

Parent, Disabled Citizen, and Founding Spokesperson

## I. INTRODUCTION

Plaintiff Darren Dione Aquino, in his official and individual capacity as a disabled national advocate, organizational founder, and parent, respectfully submits this supplemental declaration to reaffirm his constitutional right to represent and speak on behalf of the organization and the class of individuals for whom the advocacy was formed. This submission is made in anticipation of — or in direct response to — any attempt to silence or restrict Plaintiff's right to engage in protected speech, advocacy, or representation without counsel in the context of civil rights litigation, pursuant to established constitutional, statutory, and precedential authority.

## II. STATEMENT OF PURPOSE & IDENTITY

Plaintiff is the founder and CEO of a nonprofit civil rights organization established in 1983, prior to the enactment of the Americans with Disabilities Act, with early recognition and support from President Ronald Reagan. This organization was built for the exclusive purpose of advocating on behalf of the disabled, veterans, and first responder families — especially those whose rights have been trampled by government institutions.

## III. FIRST AMENDMENT RIGHT TO ADVOCACY AND ORGANIZATIONAL SPEECH

The First Amendment to the United States Constitution guarantees the freedom of speech, the right to petition government for redress of grievances, and the right to associate. These rights are not waived or diminished by disability or pro se status, nor can they be arbitrarily denied based on an individual's role as a nonprofit founder or parent.

Citizens United v. FEC, 558 U.S. 310 (2010)
"Political speech does not lose First Amendment protection simply because its source is a corporation."

NAACP v. Button, 371 U.S. 415 (1963)
"In the context of NAACP activities, litigation is not a technique of resolving private differences; it is a means for achieving the lawful objectives of equality."

### IV. RIGHT TO REPRESENT WITHOUT LICENSED COUNSEL WHERE STANDING EXISTS

Although courts prefer licensed attorneys for complex matters, there is no federal law that prohibits a qualified organizational leader — especially one who is also a party with standing — from representing and filing pleadings when:
1. He is acting as the executive of the organization, and
2. The claims involve his own protected rights and the mission of the organization.

Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982)
United States v. Hylton, 710 F.2d 1106 (5th Cir. 1983)

### V. ADA RIGHTS, PARENTAL STANDING, AND ASSOCIATIONAL HARM

As a father of a disabled child, and as a person with disabilities himself, Plaintiff is legally entitled to assert rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

Title II and Title III of the ADA:
Guarantee equal access, representation, and reasonable accommodation — including in litigation involving public programs, judicial access, and advocacy speech.

### VI. DEMAND FOR RECOGNITION OF STANDING AND PROTECTED ROLE

The Court is hereby respectfully advised that:
1. Plaintiff shall not be silenced. His speech is protected, not prohibited.
2. He is not impersonating legal counsel — He is speaking in his official role and with constitutional right.
3. Any attempt to restrict his filings, advocacy, or speech would violate:
   - The First Amendment,
   - Title II of the ADA,
   - Equal Protection under the 14th Amendment.
4. The Plaintiff and his organization are uniquely qualified by history, legacy, and active standing.

### VII. CONCLUSION

Plaintiff stands on solid legal ground — reinforced by constitutional precedent, statutory authority, and the undeniable history of his work. The judiciary may prefer silence from the disabled and their advocates — but the law does not support that preference. And the Constitution forbids it.

Let it be known on this day, in this courtroom, and in the public record:
We are not going away.
We are not stepping down.
We are not silencing ourselves so others can be comfortable.
We are rising — and we will not stop until justice answers.

Respectfully Submitted,

*Darren Dione Aquino*

Darren Dione Aquino

Founder & CEO, Advocates for Disabled Americans, Veterans, Police, Firemen & Families

National Advocate | Civil Rights Spokesperson | Disabled American

ADAvetspets@gmail.com

2805 Citrus Street, Naples, Florida 34120

Phone: 929-245-1151

**VIII. STATEMENT OF DISABILITY & ADA ACCOMMODATION NOTICE**

Plaintiff respectfully affirms that he is a qualified individual with a disability under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. Due to processing delays caused by documented severe processing dyslexia, multiple transmissions of the same or similar filings may occur unintentionally as part of his good faith effort to meet deadlines and fulfill notice requirements. This is not to harass or spam but to ensure compliance with legal obligations. Plaintiff requests the Court, City Council, and State Officials to interpret such actions under the ADA's mandate of liberal construction and reasonable accommodation, not as sanctionable conduct.

**CERTIFICATE OF SERVICE**

I certify that on this day, a true and correct copy of this Supplemental Declaration and Legal Brief was sent to all appropriate parties via email and/or U.S. Mail, including:

- Hon. Judge Baldalamonti, U.S. District Court, Middle District of Florida

- Governor of Florida

- Mayor Heitmann

- Members of the Naples City Council

- Relevant named Defendants and Agencies

Respectfully submitted,

Darren Dione Aquino

Date: May 30, 2025

Email: ADAvets@gmail.com | ADAvetsPets@gmail.com

Phone: 929-245-1151

**IX. REQUEST FOR REDACTION AND PRIVACY PROTECTION**

Pursuant to the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), the Rehabilitation Act (29 U.S.C. § 794), and applicable federal privacy protections, the Plaintiff respectfully requests that all references to his personal medical condition or diagnosis (including dyslexia and other processing impairments) be sealed or redacted from public access records.

This information is provided in good faith to establish the basis for accommodation and explain the nature of communication frequency and timing, but it should not remain accessible in the public record.

Plaintiff further requests that the Clerk's Office treat all medical disclosures as confidential, in alignment with court policy, constitutional privacy rights, and disability law.

## CERTIFICATE OF SERVICE

I certify that on this day, a true and correct copy of the Supplemental Declaration and Legal Brief was sent via email and/or U.S. Mail to the following officials:

Governor of Florida - Ron DeSantis

Office of the Governor

400 S. Monroe Street

Tallahassee, FL 32399-0001

Mayor of Naples - Teresa Heitmann

City Hall - Office of the Mayor

735 8th Street South

Naples, FL 34102

City Attorney - Matthew McConnell

Office of the City Attorney

735 8th Street South

Naples, FL 34102

(Served in representation of the Naples City Council)

Respectfully submitted,

*Darren Dione Aquino*

Darren Dione Aquino
Founder & CEO, Advocates for Disabled Americans, Veterans, Police, Firemen & Families ,National Civil Rights Advocate | Disabled American
Email: ADAvetsPets@gmail.com
2805 Citrus Street, Naples, Florida 34120
Phone: 929-245-1151

May 30, 2025

Case 2:25-cv-00460-JLB-NPM   Document 6   Filed 06/02/25   Page 8 of 9 PageID 54

# SUPPLEMENTAL STATEMENT FOR ORAL ARGUMENT AND COURT SUBMISSION

Your Honor,

I respectfully submit this written and signed supplemental statement for the record, in anticipation of any questions regarding the Court's prior ruling related to the Pride event and this new filing.

Let the record reflect clearly:

This current matter is a distinct, independent cause of action brought under federal law — specifically the Americans with Disabilities Act (ADA), the Rehabilitation Act, and the constitutional rights of disabled individuals and their families, particularly vulnerable children.

The previous case permitted a public event based on First Amendment and municipal considerations. However, that ruling did not address or evaluate the unique harm posed to children with cognitive, sensory, or emotional disabilities, nor did it consider the rights of parents or federally protected classes under Title II of the ADA.

This new complaint presents:
- A new class of harmed individuals: disabled children and their families
- New facts: the foreseeability of harm, lack of notice, and lack of accommodations
- New legal standing: under ADA Titles II and III, the Rehabilitation Act, and Supreme Court precedent in Tennessee v. Lane

Respectfully, the law requires these issues to be addressed as a new case. Prior rulings — even if related in theme — do not override statutory protections that were never properly evaluated or tested.

If necessary, I request the Court take judicial notice that this matter must be heard independently and fairly, and not influenced by prior unrelated proceedings where ADA harms were overlooked or not raised.

I am prepared to answer any further questions orally, but submit this in good faith to preserve the record.

Respectfully submitted,
*Darren Dione Aquino*

_____
Darren Dione Aquino
Founder & CEO, Advocates for Disabled Americans, Veterans, Police, Firemen & Families
National Civil Rights Advocate | Disabled American
ADAvetspets@gmail.com
2805 Citrus Street, Naples, Florida 34120
Phone: 929-245-1151
Date: May 30, 2025