## COVER LETTER TO CLERK OF COURT – FULL PACKAGE SUBMISSION

To: Clerk of Court
United States District Court
Middle District of Florida – Fort Myers Division

From: Darren Dione Aquino
Case No. 2:25-cv-00460-JLB-NPM
2805 Citrus Street
Naples, FL 34120
(929) 245-1151
Email: ADAvetspets@gmail.com

Date: June 2, 2025

RE: Submission of Emergency Motion Package, ADA Demand, and Notice of Judicial Conflicts

Dear Clerk of Court,

Please find enclosed a full ZIP-formatted emergency motion package for official docketing and immediate judicial review. This submission is made under the protections of liberal construction for pro se litigants and pursuant to Title II of the Americans with Disabilities Act (ADA), specifically 42 U.S.C. § 12131 and 28 C.F.R. § 35.130.

The following items are enclosed:
1. Emergency Motion to Chief Judge for Judicial Conflict Removal and ADA Relief
2. ADA Notice and Demand for Record Entry
3. Expedited Ruling Request and Reassertion of Emergency Injunctive Relief
4. Emergency Petition for Writ of Mandamus (copy to be filed in Eleventh Circuit)
5. Certificates of Interested Persons and Certificate of Service

This filing should be considered urgent and time-sensitive. Two judicial officers with known ADA conflicts and prior bond claims (Judges Steele and Chappell) have acted upon this case. Their continued presence undermines judicial neutrality and raises serious questions of procedural fairness and equal protection. No ADA accommodations were offered or discussed, despite multiple requests—thereby denying Plaintiff meaningful access to justice.

This cover letter, and all enclosed documents, are also being transmitted to the Eleventh Circuit and copied to all judges named herein for the record. I respectfully request that this submission be entered and routed immediately for Chief Judge review and that appropriate emergency relief be granted.

Respectfully submitted,

/s/ Darren Dione Aquino
Darren Dione Aquino
Pro Se Plaintiff

## EMERGENCY NOTICE AND TITLE II ADA DEMAND TO CHIEF JUDGE

To: Honorable Chief Judge
United States District Court
Middle District of Florida
Fort Myers Division

From: Darren Dione Aquino
Case No. 2:25-cv-00460-JLB-NPM
CEO, Advocates for Disabled Americans, Veterans, Police, Firemen & Families
2805 Citrus Street, Naples, FL 34120
(929) 245-1151
Email: ADAvetspets@gmail.com

Date: June 2, 2025

RE: Emergency ADA Title II Demand, Conflict Notification, and Request for Immediate Supervisory Intervention

Dear Honorable Chief Judge,

I write to formally place this Court on notice that multiple judicial officers—specifically Hon. John E. Steele and Hon. Sheri Polster Chappell—participated in procedural rulings despite direct legal conflicts and prior ADA-related complaints and bond claims naming them in relation to this and other matters.

Furthermore, I received no response from your chambers following my formal requests for Title II ADA accommodations as a qualified individual with disabilities including dyslexia and cardiac conditions. The lack of response or action violates federal law and has denied me access to justice and equal protection under the law.

To date, my Emergency Motion for Injunctive Relief remains unanswered, despite the fact that the risk to disabled children and community members was laid out plainly and served with public documentation. A playground will be closed for a harmful event on June 7, and no emergency hearing has been granted. This places the disabled at risk, while procedural safeguards guaranteed under Title II of the ADA, 42 U.S.C. § 12131, and 28 C.F.R. § 35.130 have been ignored.

I respectfully request immediate supervisory intervention and action by this Court to:
1. Remove any conflicted judicial officers from this proceeding;
2. Issue a ruling on the Emergency Motion for Injunctive Relief;
3. Order and implement any ADA Title II accommodations warranted by my disabilities, especially related to e-filing, response time, and access;

4. Acknowledge the Court's ongoing duty to respond meaningfully to emergency civil rights complaints involving disabled persons.

Under Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act, public entities are required to ensure effective communication with individuals with disabilities, including those with dyslexia. While the statutes do not specify exact methods for phone communication with individuals with dyslexia, they mandate that communication must be as effective as that with individuals without disabilities.

## Key Provisions:

- Effective Communication Requirement: Public entities must provide appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities.
- Auxiliary Aids and Services: These may include qualified interpreters, note-takers, transcription services, written materials, telephone handset amplifiers, assistive listening devices, and other effective methods of making aurally delivered materials available to individuals with hearing impairments.
- Primary Consideration: The choice of auxiliary aid or service should give primary consideration to the requests of the individual with a disability.
- Telephone Emergency Services: Public entities that provide telephone emergency services must ensure direct access for individuals who use TDDs or computer modems.

For individuals with dyslexia, effective communication over the phone may involve providing information in alternative formats, such as follow-up emails or texts summarizing the conversation, to ensure understanding. It's essential for public entities to engage in an interactive process with the individual to determine the most effective method of communication.

Please consider this letter part of the formal record and acknowledge receipt and corrective action immediately. I have copied this document for inclusion with my Emergency Petition for Writ of Mandamus now pending before the Eleventh Circuit.

Respectfully submitted,

/s/ Darren Dione Aquino
Darren Dione Aquino
Pro Se Plaintiff and CEO, Advocates for Disabled Americans

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

---

Darren Dione Aquino,            )
Plaintiff,                      )
                                )  Case No. 2:25-cv-00460-JLB-NPM
v.                              )
                                )
Governor Ron DeSantis, et al.,  )
Defendants.                     )

---

## EMERGENCY MOTION TO CHIEF JUDGE TO REMOVE CONFLICTED JUDGES, COMPEL ADA ACCOMMODATIONS, AND ADDRESS UNANSWERED INJUNCTIVE RELIEF

COMES NOW, Plaintiff Darren Dione Aquino, pro se, and respectfully moves this Honorable Court—specifically the Chief Judge of the Middle District of Florida—to immediately intervene and issue orders as follows, in accordance with Title II of the ADA, 28 C.F.R. § 35.130, and principles of due process, fairness, and judicial integrity.

### GROUNDS FOR MOTION

1. Two judges—Hon. John E. Steele and Hon. Sheri Polster Chappell—have participated in rulings despite their known conflicts of interest, including prior ADA-related complaints and bond claims directly naming them.

2. Despite multiple ADA requests filed by Plaintiff, this Court has failed to respond, assign an ADA coordinator, or offer any accommodation under Title II of the ADA.

3. Plaintiff's Emergency Motion for Injunctive Relief remains unanswered, while a harmful event targeting vulnerable children approaches on June 7, 2025. The playground where the event is hosted will be closed, access denied, and fees charged—while this Court stalls and procedural injustice continues.

4. Plaintiff's disabilities include dyslexia and serious cardiac limitations. The court has failed to grant time extensions, electronic access, or fee accommodations.

5. Haines v. Kerner, 404 U.S. 519 (1972), affirms that pro se pleadings must be liberally

construed. The integrity of this action is compromised by the presence of hostile or prejudiced judges, as well as the neglect of clearly stated emergency relief.

**RELIEF REQUESTED**

Plaintiff respectfully requests the following:

A. That Chief Judge remove Judges Steele and Chappell from any further participation in this case;

B. That the Court assign an ADA Coordinator and issue accommodations as warranted under Title II of the ADA;

C. That the Emergency Motion for Injunctive Relief be addressed without further delay;

D. That this Motion be entered into the official record and distributed to all judges assigned and named herein.

Respectfully submitted,

/s/ Darren Dione Aquino
Darren Dione Aquino
Pro Se Plaintiff
CEO, Advocates for Disabled Americans, Veterans, Police, Firemen & Families
2805 Citrus Street
Naples, FL 34120
(929) 245-1151
ADAvetspets@gmail.com

## EXPEDITED RULING REQUEST AND REASSERTION OF INJUNCTIVE RELIEF DEMAND

To: Clerk of Court and Presiding Judges
United States District Court
Middle District of Florida – Fort Myers Division

From: Darren Dione Aquino
Case No. 2:25-cv-00460-JLB-NPM
2805 Citrus Street
Naples, FL 34120
(929) 245-1151
Email: ADAvetspets@gmail.com

Date: June 2, 2025

RE: Second Emergency Reassertion of Request for Immediate Ruling on Emergency Injunctive Relief

Dear Honorable Judges and Clerk,

This filing constitutes my formal second and urgent request for a ruling on the Emergency Motion for Temporary Restraining Order and Injunctive Relief, initially filed on or about May 31, 2025 and subsequently reasserted. Despite multiple ADA-compliant notices, my motion remains unanswered, even as the event in question is now days away (June 7, 2025), placing disabled children and their advocates at imminent risk of irreparable harm.

As a pro se litigant with disabilities, I am entitled under the Constitution and Supreme Court precedent to have my emergency motion construed liberally. See Haines v. Kerner, 404 U.S. 519 (1972). The Court's prior directive that I 'follow the rules' without offering specific accommodation guidance, assistance, or clarification amounts to a denial of justice by procedural entrapment.

Furthermore, the civil action order issued on June 2, 2025 did not address the emergency relief requested, nor did it respond to my ADA Title II accommodation request. As such, I reassert:
1. The Emergency Motion for Injunctive Relief remains active, valid, and must be ruled upon immediately;
2. The Court has a duty to respond to ADA accommodation requests under 28 C.F.R. § 35.130;
3. The doctrine of liberal construction must apply, as I am defending not only my own rights

but also the mission of a national civil rights organization whose service to the disabled community will suffer irreversible harm.

The U.S. Supreme Court has consistently held that the rights of citizens standing for constitutional liberty are to be treated with the same, if not greater, weight than legal representation. When the courts fail to act, justice itself is endangered.

This request and attached documentation shall be transmitted along with my Petition for Writ of Mandamus to the United States Court of Appeals for the Eleventh Circuit. Please consider this my final appeal for timely District Court action before higher intervention is compelled.

Respectfully submitted,

/s/ Darren Dione Aquino
Darren Dione Aquino
Pro Se Plaintiff