**EMERGENCY FILING**

## SECOND EMERGENCY NOTICE: REASSERTION OF TRO, ADA VIOLATIONS, AND JUDICIAL CONFLICT DISCLOSURE

To:
The Honorable Chief Judge Marcia Morales Howard
United States District Court
Middle District of Florida
300 North Hogan Street, Suite 14-200
Jacksonville, Florida 32202

From:
Darren Dione Aquino
Pro Se Plaintiff
Case No. 2:25-cv-00460-JLB-NPM
2805 Citrus Street
Naples, FL 34120
(929) 245-1151
ADAvetspets@gmail.com

Date: June 3, 2025

RE: URGENT – Second Reassertion of Emergency Motion for Temporary Restraining Order (TRO), Judicial Conflict Notice, and ADA Title II Noncompliance – Including Denial of Effective Communication and Accommodation

### Your Honors:

This filing serves as my second emergency notice and clarification regarding the pending Emergency Motion for Temporary Restraining Order and Injunctive Relief, initially filed on or about May 31, 2025, and reasserted on June 2, 2025, but still unanswered as of this date — June 3, 2025.
I make this filing in good faith under the most difficult conditions, including:
- Severe weather, intermittent storms, and power outages affecting reliable electronic filing;
- A confirmed disability (dyslexia and arthritis) that limits my ability to comply with strict time restraints without ADA-mandated assistance;

- A complete lack of ADA-compliant court communication — especially by telephone, which I have requested multiple times in writing.

## I. ADA TITLE II VIOLATIONS – FAILURE TO PROVIDE EFFECTIVE COMMUNICATION

As a disabled pro se litigant with dyslexia, the Court's refusal to engage by phone or provide explicit verbal instructions has created a barrier to access. This violates:
- 28 C.F.R. § 35.160(b)(1)
- 28 C.F.R. § 35.130(b)(7)
- Tennessee v. Lane, 541 U.S. 509 (2004)
- Olmstead v. L.C., 527 U.S. 581 (1999)

## II. TRO STILL PENDING – URGENT NEED FOR IMMEDIATE RULING

The Emergency Motion for TRO and Injunctive Relief remains:
- Properly filed under Federal Rule of Civil Procedure 65;
- Undisputed and supported by a verified complaint;
- Time-sensitive, with the challenged public event scheduled for June 7, 2025 — now just days away.

## III. JUDICIAL CONFLICT OF INTEREST – JUDGE STEELE & JUDGE SHERI POLSTER CHAPPELL

This case directly implicates two judicial officers currently associated with this matter:
- Judge John E. Steele is referenced in the active complaint for conduct under color of law;
- Judge Sheri Polster Chappell is explicitly named as a party defendant.

This violates 28 U.S.C. § 455(a) and (b)(1) and the Code of Conduct for United States Judges.

## IV. REQUEST FOR LIBERAL CONSTRUCTION & ADDITIONAL TIME

Because I am:
- A disabled pro se litigant without the assistance of counsel,
- Operating under intermittent storm-related power loss,
- Dealing with disability-related barriers,

I respectfully request that this Court:
1. Rule immediately on the Emergency TRO;
2. Reassign this case to a judge not named or implicated in the complaint;
3. Acknowledge ADA Title II obligations and provide telephonic communication and procedural assistance;
4. Extend all filing and procedural deadlines by no less than 14 days.

## V. NOTICE OF RECORD TO THE ELEVENTH CIRCUIT

This submission will be included in the pending Mandamus petition before the United States Court of Appeals for the Eleventh Circuit as part of the official record.

### Defendants in the Underlying Action

This filing relates to a pending civil rights complaint against the following named defendants:
- Hon. Sheri Polster Chappell, individually and in her official capacity
- Hon. John E. Steele, individually and in his official capacity
- The Governor of Florida
- The Mayor of Fort Myers, FL
- The Fort Myers City Council
- The City Attorney of Fort Myers
- Additional municipal and individual defendants as listed in the primary verified complaint

All parties are hereby noticed through this submission and will be served accordingly.

Respectfully submitted,

/s/ Darren Dione Aquino

Darren Dione Aquino
Pro Se Plaintiff