UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DARREN DIONE AQUINO,

      Plaintiff,

v.                                                                        Case No:  2:25-cv-00460-JLB-NPM

CITY OF NAPLES, TEREA
HEITMANN, NAPLES CITY
COUNCIL, et al.

      Defendants.

_____/

## **ORDER**

Plaintiff Darren Dione Aquino, proceeding *pro se*, moves for a temporary restraining order (TRO) to enjoin Defendants City of Naples, Teresa Heitmann, Naples City Council, Judge John E. Steele, and Governor Ron DeSantis from allowing what Mr. Aquino characterizes as "[a]n adult-themed event" to be held in public at Cambier Park.  (Doc. 4).  Mr. Aquino's Amended Complaint (Doc. 3) seeks the same relief.  Specifically, Mr. Aquino alleges that allowing the event in a public park will harm minor children with disabilities, who he alleges are "vulnerable listener[s]" protected by the First Amendment.  (Doc. 3 at 3).

Though Mr. Aquino attempts to bring this action "as a father of a disabled child," there is no allegation that the child is a minor.  (*See generally* Doc. 3; Doc. 4); Fed. R. Civ. P. 17(c) (authorizing a guardian to sue on behalf of a *minor* child).  Nor can Mr. Aquino bring his claim "as CEO of Advocates for Disabled Americans,

Veterans, Police, Firemen & Families." (Doc. 3 at 2). Non-natural persons or entities, such as corporations, partnerships, and associations, may appear in federal court only through a lawyer. *See* Local Rule 2.02(b)(2); *United States ex rel. Stronstorff v. Blake Med. Ctr.*, No. 8:01-CV-844-T23MSS, 2003 WL 21004734, at *1 (M.D. Fla. Feb. 13, 2003) ("[A] lay person is entitled to represent only himself, not any other person or entity."). Moreover, though Mr. Aquino brings the action individually, on his own behalf, he has made no allegation that the event will cause him harm. (*See generally* Doc. 3; Doc. 4). Rather, the allegations of the motion for TRO and Amended Complaint exclusively reference harm to children with disabilities, not adults. *See Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 48 F.4th 1236, 1243, 1249 (11th Cir. 2022) (explaining that a plaintiff cannot bring a claim "entirely absent" of an allegation of injury because plaintiffs must "have a real stake in the actions they bring").

Nevertheless, the Court has carefully considered the relief sought by Mr. Aquino. In essence, the relief sought is to reinstate the original terms and conditions of the permit issued by the City of Naples for the performance. The original permit restricted the Naples Pride performance to an indoor venue and only allowed adults (18 or older) to attend. *Naples Pride, Inc. v. City of Naples*, No. 2:25-CV-291-JES-KCD, 2025 WL 1370174, at *5 (M.D. Fla. May 12, 2025). In *Naples Pride*, the court considered arguments that "drag performances" fall outside of First Amendment protected speech "when performed in front of children." *Id.* at *9. In considering all children (thus encompassing those with and without disabilities),

2

the court found the drag performance is expressive conduct protected by the First Amendment. *Id.* at *9–10 (quoting *Fort Lauderdale Food Not Bombs v. City of Fort Lauderdale*, 901 F.3d 1235, 1240 (11th Cir. 2018) ("The First Amendment guarantees 'all people [ ] the right to engage not only in 'pure speech,' but 'expressive conduct' as well.'") (alterations in original) (internal citations omitted)). The *Naples Pride* court further found the permit unconstitutional because "Cambier Park is a traditional public forum" appropriate for "free speech and expressive activity." *Id.* at *10 (citing *Hague v. CIO*, 307 U.S. 496, 515, 516 (1939) ("[S]treets and parks . . . have immemorially been held in trust for the use of the public and, time out of mind, have been used for purposes of assembly, communicating thoughts between citizens, and discussing public questions.")).

Accordingly, the Preliminary Injunction enjoined the City of Naples from imposing the restrictions on the performance originally set forth in the permit. That is, the Preliminary Injunction enjoined the City of Naples from preventing the Pride Performance from being held at Cambier Park. *Naples Pride, Inc. v. City of Naples*, No. 2:25-CV-291-JES-KCD, 2025 WL 1370350, at *1–2 (M.D. Fla. May 12, 2025). In other words, the Plaintiff here and the City of Naples in the prior *Naples Pride* case seek the same relief—that the performance not be held in Cambier Park. The City of Naples appealed the existing Preliminary Injunction, which remains pending in the United States Court of Appeals for the Eleventh Circuit. *See Naples*

*Pride, Inc. v. City of Naples*, No. 2:25-CV-291-JES-KCD, 2025 WL 1370174, at *1 (M.D. Fla. May 12, 2025).

Because the subject matter of the appeal seeks to reinstate the restrictions to hold the performance indoors for adults only, and that would remedy the request made by Mr. Aquino here, the Court will hold this case in abeyance until such time the Eleventh Circuit rules. It does so to prevent inconsistent rulings, permit the Eleventh Circuit the opportunity to rule on the *City of Naples* appeal, and conserve judicial resources. *Landis v. North Am. Co.,* 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power in every court to control the disposition of the causes on its docket with economy of time and effort[.]"); *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009) (holding that "the reason for the district court's stay was at least a good one, if not an excellent one: to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case"); *see also Vital Pharms., Inc. v. PhD Mktg., Inc.*, No. 0:20-CV-60993-WPD, 2020 WL 6162794, at *1 (S.D. Fla. July 28, 2020) ("[F]ederal courts have long recognized that the principle of comity requires federal district courts — courts of coordinate jurisdiction and equal rank — to exercise care to avoid interference with each other's affairs.") (quoting *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997)).

Accordingly, this case is **held in abeyance**, including Plaintiff's Motion for Temporary Restraining Order (Doc. 4) and Amended Complaint (Doc. 3). The Clerk

of the Court is **DIRECTED** to **STAY** this matter, place a **STAY FLAG** on this case, and administratively close the file until further order of the Court.

ORDERED in Fort Myers, Florida, on June 3, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE