UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

DARREN DIONE AQUINO,

Pro Se Plaintiff,

v.                              Case No. 2:25-cv-00460-SPC-NPM

CITY OF NAPLES, FLORIDA;

NAPLES CITY COUNCIL;

MAYOR TERESA HEITMANN;

HON. JUDGE JOHN E. STEELE;

GOVERNOR RON DESANTIS;

and JOHN/JANE DOES 1Œ5,

Defendants.
_____/

Filed: June 3, 2025

Cover Letter to Judge and Clerk

# COVER LETTER TO JUDGE BADALAMENTI AND THE CLERK

Dear Judge Badalamenti and Clerk of Court,

Enclosed please find the Plaintiff's Emergency Motion to Lift Stay and Reinstate TRO, along with the Motion to Redact and supporting redacted documents. This case is factually and legally distinct from the Naples Pride case. It asserts federal disability rights claims under the ADA and must not be conflated with expressive conduct litigation.

Respectfully,

Darren Dione Aquino

Pro Se Plaintiff

Chief Advocate, ADA Advocates

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

DARREN DIONE AQUINO,

Pro Se Plaintiff,

v.                              Case No. 2:25-cv-00460-SPC-NPM

CITY OF NAPLES, FLORIDA;

NAPLES CITY COUNCIL;

MAYOR TERESA HEITMANN;

HON. JUDGE JOHN E. STEELE;

GOVERNOR RON DESANTIS;

and JOHN/JANE DOES 1Œ5,

Defendants.

_____/

Filed: June 3, 2025

Motion to Redact and Seal

# MOTION TO REDACT AND TO SEAL UNREDACTED DOCUMENTS PURSUANT TO LOCAL RULE 1.11 AND FED. R. CIV. P. 5.2

Plaintiff hereby moves this Court to accept redacted versions of previously filed documents and to maintain the original, unredacted filings under seal as permitted under Local Rule 1.11 and Federal Rule of Civil Procedure 5.2.

Statement on Redactions and Privacy Under ADA and Due Process

Plaintiff respectfully clarifies that redactions made to prior filings pertain only to the personal medical and disability history of Plaintiff and Plaintiff's son, which were submitted for the limited purpose of demonstrating standing and the need for reasonable accommodations under the Americans with Disabilities Act (ADA).

Plaintiff has not redacted, and does not seek to conceal, the broad scope of cognitive and developmental disabilities at issue in this case, including but not limited to autism spectrum disorder, Down syndrome, intellectual disability, and serious mental illness—conditions which are indisputably protected under federal law.

Plaintiff is not ashamed of his own disabilities, nor of his son's, but asserts his right to privacy under constitutional and statutory protections, including the ADA, the Rehabilitation Act, and HIPAA-related privacy interests. These conditions were disclosed solely for the proper purpose of seeking accommodations, and would have been submitted in camera had the Court permitted any meaningful communication. The denial of that communication constitutes a procedural failure and a barrier to access in violation of Tennessee v. Lane, 541 U.S. 509 (2004).

Plaintiff reaffirms that this redaction is not an attempt to withhold facts from the Court, but a compelled action resulting from the Court's failure to offer the most basic procedural options for protected parties to safely and privately assert their rights.

Disclosure would violate privacy protections under the ADA and analogous HIPAA principles.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

DARREN DIONE AQUINO,

Pro Se Plaintiff,

v.                              Case No. 2:25-cv-00460-SPC-NPM

CITY OF NAPLES, FLORIDA;

NAPLES CITY COUNCIL;

MAYOR TERESA HEITMANN;

HON. JUDGE JOHN E. STEELE;

GOVERNOR RON DESANTIS;

and JOHN/JANE DOES 1Œ5,

Defendants.

_____/

Filed: June 3, 2025

Emergency Motion to Reopen Case

WHEREFORE, Plaintiff requests that the Court accept redacted filings and maintain sealed access to the originals in the interest of privacy and justice.

# EMERGENCY MOTION TO REOPEN CASE AND REINSTATE TRO UNDER RULE 60(b)(6), ADA, AND DUE PROCESS

EMERGENCY MOTION TO REOPEN CASE AND REINSTATE TRO UNDER RULE 60(b)(6), ADA TITLE II, AND DUE PROCESS GROUNDS

COMES NOW the Plaintiff, Darren Dione Aquino, in his pro se capacity and as Chief Advocate of Advocates for Disabled Americans, Veterans, Police, Firemen & Families, and respectfully moves this Honorable Court to REOPEN the case and REINSTATE Plaintiff's Motion for Temporary Restraining Order ("TRO") pursuant to Rule 60(b)(6), Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, Section 504 of the Rehabilitation Act (29 U.S.C. § 794), and 42 U.S.C. § 1983.

**Judicial Recognition of Functional Disability Over Chronological Age**

Plaintiff respectfully invokes this Court's constitutional obligation to evaluate disability-related harm not solely by chronological age, but by the measurable cognitive, emotional, and psychological impairments that define functional disability under the ADA and Section 504 of the Rehabilitation Act. Individuals affected by developmental disorders, autism spectrum conditions, Down syndrome, or serious mental illness may exhibit profound cognitive limitations despite being legally classified as adults. Where the functional developmental age of such individuals parallels that of minor children, courts must extend equal protection against foreseeable psychological harm — particularly in public venues where exposure to adult-themed content violates the purpose and protection intended by disability law. This principle is grounded in Tennessee v. Lane, Olmstead v. L.C., and the constitutional guarantee of meaningful access to justice.

GROUNDS FOR MOTION:

1. The Court has engaged in judicial error and mischaracterization of Plaintiff's claims by staying the case based on the unrelated Naples Pride, Inc. v. City of Naples, Case No. 2:25-cv-291-JES-KCD. Plaintiff's action is not based in First Amendment expressive conduct, but on ADA-based constitutional and statutory claims involving

1

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

DARREN DIONE AQUINO,

Pro Se Plaintiff,

v.                            Case No. 2:25-cv-00460-SPC-NPM

CITY OF NAPLES, FLORIDA;

NAPLES CITY COUNCIL;

MAYOR TERESA HEITMANN;

HON. JUDGE JOHN E. STEELE;

GOVERNOR RON DESANTIS;

and JOHN/JANE DOES 1Œ5,

Defendants.

_____/

Filed: June 3, 2025

Expanded Emergency Motion to Reinstate TRO

cognitively and emotionally disabled children and adults who face imminent psychological and environmental harm in public space without protections.

2. The stay and dismissal of Plaintiff's motions under the false label of "moot" constitute procedural obstruction of access to justice under the ADA and violate Plaintiff's due process rights under Goldberg v. Kelly, 397 U.S. 254 (1970).

3. The Court failed to address Plaintiff's formal request for oral argument and ADA accommodations, denying meaningful access as required under Tennessee v. Lane, 541 U.S. 509 (2004). The court has offered no procedural access, no communication, and no alternative means for this disabled litigant to receive review or relief.

4. Plaintiff has submitted all filings in good faith, with sealed versions and redacted copies as ordered. Nonetheless, the Court has refused to acknowledge Plaintiff's emergency ADA filings and has improperly grouped them with an entirely separate matter in order to sidestep a ruling.

5. Plaintiff appealed to the Eleventh Circuit via Emergency Petition for Writ of Mandamus, citing ongoing ADA violations and procedural exclusion. A receipt of this filing is available and was submitted as part of the appellate record.

6. The court has a documented history of denying ADA accommodation requests to the plaintiff, Darren Aquino, ignoring emergency TRO filings, and closing pro se disability rights cases on procedural grounds without review. This pattern cannot continue.

CITATIONS:

- Rule 60(b)(6), Fed. R. Civ. P.

- 42 U.S.C. § 12132 (ADA Title II)

- 29 U.S.C. § 794 (Rehabilitation Act §504)

2

- 42 U.S.C. § 1983 (civil rights under color of law)

- Tennessee v. Lane, 541 U.S. 509 (2004)

- Olmstead v. L.C., 527 U.S. 581 (1999)

- Goldberg v. Kelly, 397 U.S. 254 (1970)

- Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982)

- Gonzalez v. Abercrombie, 2014 WL 2191992

## Judicial Due Process Must Apply to Disabled Litigants Under Goldberg v. Kelly

The Supreme Court held in Goldberg v. Kelly, 397 U.S. 254 (1970), that when the government seeks to deprive an individual of a protected interest, it must first provide both notice and "an opportunity to be heard at a meaningful time and in a meaningful manner." While Goldberg involved the termination of welfare benefits, its constitutional holding applies broadly to all deprivations of rights protected by federal law—including the rights of disabled litigants under the ADA.

In this matter, Plaintiff seeks emergency injunctive relief to protect cognitively disabled individuals from imminent harm in a public forum—relief authorized by federal statute under 42 U.S.C. § 12132, Section 504 of the Rehabilitation Act, and Tennessee v. Lane, 541 U.S. 509 (2004). Yet the Court issued a stay, denied Plaintiff's TRO, and rejected a request for oral argument without a hearing, without a ruling on the merits, and without providing any ADA accommodations.

This amounts to a procedural deprivation of constitutional magnitude—precisely what Goldberg forbids. When a disabled pro se litigant is denied both the opportunity to be heard and the procedural mechanisms necessary for meaningful participation, the Court violates not only statutory obligations under the ADA, but also the Due Process Clause of the Fourteenth Amendment as applied through Goldberg.

Therefore, Plaintiff respectfully submits that Goldberg is both controlling and instructive, and compels this Court to reinstate the TRO, reopen the docket, and immediately provide meaningful access to justice.

WHEREFORE, Plaintiff respectfully DEMANDS that this Court:

1. Reopen the case docket;

2. Reinstate Plaintiff's Motion for Temporary Restraining Order;

3. Issue immediate direction on ADA accommodation and access;

4. Acknowledge and disassociate this action fully from Naples Pride;

5. Address judicial failure to comply with fundamental ADA duties;

6. Take all other steps necessary to restore access to justice and prevent further harm.

Respectfully submitted,

*Darren Dione Aquino*

Darren Dione Aquino

Pro Se Plaintiff

Chief Advocate, Advocates for Disabled Americans, Veterans, Police, Firemen & Families

2805 Citrus St.

Naples, FL 34120

Email: ADAvetspets@gmail.com

# EXPANDED EMERGENCY MOTION TO LIFT STAY AND REINSTATE PLAINTIFF'S TRO

EXPANDED EMERGENCY MOTION TO LIFT STAY AND REINSTATE PLAINTIFF'S TRO

COMES NOW the Plaintiff, Darren Dione Aquino, in his individual capacity and as Chief Advocate of Advocates for Disabled Americans, Veterans, Police, Firemen & Families, and respectfully demands this Honorable Court LIFT THE STAY entered on June 3, 2025, and immediately REINSTATE Plaintiff's Motion for Temporary Restraining Order and Amended Complaint.

This case is a constitutionally protected disability rights action brought under:

- Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132

- Section 504 of the Rehabilitation Act, 29 U.S.C. § 794

- 42 U.S.C. § 1983 (violation of civil rights under color of law)

- First Amendment advocacy protections under Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982)

- Tennessee v. Lane, 541 U.S. 509 (2004)

- Olmstead v. L.C., 527 U.S. 581 (1999)

- Gonzalez v. Abercrombie, 2014 WL 2191992

Plaintiff's emergency filing addresses imminent and irreparable harm to disabled children and adults with cognitive impairments, including mental illness, autism,

1

and Down syndrome, resulting from the City of Naples' approval of a public event without appropriate ADA safeguards-despite receiving formal notice.

It is critical to distinguish that when addressing disabilities such as Autism Spectrum Disorder, Down Syndrome, developmental delays, or serious mental illness, the determining factor is not chronological age, but the functional impact of the condition on cognitive and emotional development. Courts must recognize that individuals with these impairments—regardless of being legally classified as adults—may have significantly underdeveloped or impaired brain function that renders them especially vulnerable to harm from exposure to explicit adult content. The evaluation must therefore, focus on the nature and extent of the disability, not on the individual's age, in order to ensure adequate protections are in place for those whose developmental limitations place them at elevated risk.

This is an ADA case involving vulnerable persons in a traditional public forum. It is NOT a First Amendment expressive conduct case.

Plaintiff's filing predates the June 1 public event and specifically warned of foreseeable psychological and emotional harm. Plaintiff filed a TRO to prevent that outcome. The Naples Pride case involves a challenge to government speech restrictions. That is not this case. No crossover in parties, facts, or constitutional claims exists.

This Court erred in staying the case and conflating Plaintiff's ADA and constitutional rights with the Naples Pride litigation. In doing so, the Court has obstructed timely relief under Rule 65 and silenced a federally protected advocate acting in his capacity as both a parent and an organizational leader.

Further, the Court's prior order misstates that Judges Steele and Sherry Polster were uninvolved. They were properly named in prior pleadings for ignoring ADA obligations and participating in a broader pattern of denying access to justice for disabled litigants.

This Honorable Court has also failed to provide effective communication and ADA accommodations as required by federal law. Plaintiff's filings include requests for accommodations. The Court has made no provision for alternative filing, phone communications, extended deadlines, or accessible communication formats. The court is fully aware of Mr. Aquino's multiple challenges that require warranted accommodations under the ADA, which have not been forthcoming, past and present with this court. There is a systemic problem of compliance to the ADA with this court against people with disabilities. Repeated requests by Darren Aquino, have been overlooked, or ignored, which amounts to a denial of equal protection to

2

those covered under the 1st and 14th amendment, which results in a lack of Due Process. In this order, oral argument is necessary, even in camera. Any denial of oral expression, to clarify to the court, is a denial of First Amendment rights.

**Furthermore, I wish to affirm, with the utmost respect, that in asserting my right to proceed with the necessary accommodations for my documented and recognized disabilities, it is not my intention in any way to insult, offend, or intimidate this Honorable Court or the Presiding Judge. My purpose is solely to ensure that my rights under the Equal Protection Clause and Due Process are upheld. The denial of such accommodations constitutes a barrier to fair and timely resolution and risks causing imminent harm. The issuance of a Temporary Order of Restraint (TOR) is not only appropriate but essential to ensure the safety and protection of individuals who are part of a protected class under the Americans with Disabilities Act (ADA).**

WHEREFORE, Plaintiff respectfully DEMANDS:

1. Immediate LIFTING of the stay entered on June 3, 2025;

2. Immediate REINSTATEMENT of the TRO and Amended Complaint;

3. Formal RECOGNITION that this action is not related to Naples Pride;

4. Direction to the Clerk to reopen the case docket, review all filings, and schedule TRO hearing;

5. Issuance of ADA accommodation directives for Plaintiff as a disabled pro se litigant; beginning with effective communication through phone communications, but not limited to;

6. All further relief this Court deems just and proper to prevent further harm and delay.

Respectfully submitted,

*Darren Dione Aquino*

Darren Dione Aquino

Pro Se Plaintiff

3

Chief Advocate, Advocates for Disabled Americans, Veterans, Police, Firemen & Families

2805 Citrus St.

Naples, FL 34120

Email: ADAvetspets@gmail.com

4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
DARREN DIONE AQUINO,
Pro Se Plaintiff,
v.                          Case No. 2:25-cv-00460-SPC-NPM
CITY OF NAPLES, FLORIDA;
NAPLES CITY COUNCIL;
MAYOR TERESA HEITMANN;
HON. JUDGE JOHN E. STEELE;
GOVERNOR RON DESANTIS;
and JOHN/JANE DOES 1-5,
Defendants.
_____/

CERTIFICATE OF SERVICE

I, Darren Dione Aquino, hereby certify that on this 4th day of June, 2025, a true and correct copy of the following documents:
- Cover Letter to the Court
- Motion to Redact and Seal
- Emergency Motion to Reopen Case
- Expanded Emergency Motion to Reinstate TRO
- Expanded Emergency Motion to Lift Stay and Reinstate Plaintiff's TRO
- All Attachments and Exhibits

were served by electronic filing via CM/ECF (where possible) and/or by first-class mail to the following:

City of Naples Legal Department

735 8th Street South

Naples, FL 34102

Naples City Council

c/o Office of the City Clerk

735 8th Street South

Naples, FL 34102

Mayor Teresa Heitmann

City Hall

735 8th Street South

Naples, FL 34102

Hon. Judge John E. Steele

United States District Court

2110 First Street

Fort Myers, FL 33901

Governor Ron DeSantis

Office of the Governor

400 S. Monroe Street

Tallahassee, FL 32399

All John/Jane Does will be served upon identification and joinder.

Respectfully submitted,

Darren Dione Aquino

Pro Se Plaintiff

2805 Citrus Street

Naples, FL 34120

Email: ADAvetspets@gmail.com

Phone: 929-245-1151

Case 2:25-cv-00460-JLB-NPM   Document 17   Filed 06/04/25   Page 18 of 18 PageID 102