UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

DARREN DIONE AQUINO,

Pro Se Plaintiff,

v.

Case No. 2:25-cv-00460-JLB-NPM

CITY OF NAPLES, FLORIDA;

NAPLES CITY COUNCIL;

MAYOR TERESA HEITMANN;

HON. JUDGE JOHN E. STEELE;

GOVERNOR RON DESANTIS;

and JOHN/JANE DOES 1–5,

Defendants.

_____/

**\*\*FINAL EMERGENCY MOTION TO GRANT TRO,**

RECOGNIZE SYSTEMIC ADA OBSTRUCTION,

AND PROTECT PLAINTIFF FROM IRREPARABLE HARM\*\*

1

COMES NOW the Plaintiff, Darren Dione Aquino, Pro Se and as Chief Advocate for Advocates for Disabled Americans, Veterans, Police, Firemen & Families, and respectfully submits this FINAL EMERGENCY MOTION requesting this Court immediately grant Plaintiff's TRO, and to recognize ongoing violations of the Americans with Disabilities Act (ADA), Title II, and constitutional rights to due process, equal protection, and effective access to the courts.

---

**1.**

Plaintiff is a disabled pro se litigant, previously denied accommodations, oral hearings, and procedural access under the ADA and 42 U.S.C. § 1983.

**2.**

The City of Naples and its officials were placed on public notice weeks prior to the June 1 event, and failed to implement safeguards for cognitively disabled persons, including children and adults.

**3.**

The Court has stayed this matter improperly by associating it with unrelated litigation (Naples Pride), constituting obstruction of Plaintiff's independent ADA constitutional claims and violating due process.

**4.**

Plaintiff has also been involved in appellate advocacy before the Eleventh Circuit on behalf of an 83-year-old disabled veteran who was denied recognition under Rule 17(a). There is concern that judicial resistance in this matter may reflect retaliatory bias linked to that ongoing federal appeal.

**5.**

Judicial officers including Judge Sherry Polster and Judge John Steele have repeatedly failed to accommodate ADA-protected litigants, ignored emergency TRO filings, denied IFP waivers, and obstructed Plaintiff's filings without ADA-compliant process or acknowledgment of disability status.

**6.**

This motion constitutes Plaintiff's final legal attempt to secure access, protection, and urgent judicial review of a TRO that is both factually and legally justified under federal disability law.

---

## WHEREFORE, Plaintiff respectfully DEMANDS:

a) IMMEDIATE GRANTING of Plaintiff's Motion for Temporary Restraining Order (TRO);

b) Formal SEVERANCE from unrelated litigation involving Naples Pride;

c) ADA ACCOMMODATIONS including phone communication, access modification, and liberal construction;

d) RECOGNITION of retaliation, obstruction, and denial of rights under ADA and Rule 60(b)(6);

e) INVESTIGATION into systemic failure to accommodate disabled litigants in this district;

f) Recognition that failure to act will cause further and imminent psychological, emotional, and constitutional harm to Plaintiff, his son, his grandson, and to disabled children across the United States;

g) Acknowledgment that Plaintiff is not seeking monetary damages, but only reimbursement of court costs and associated legal fees, and that this matter may be resolved upon enforcement of the TRO and implementation of adequate safeguards as required by law;

h) That this filing, made in good faith by a pro se individual with documented cognitive disabilities, be liberally construed under Haines v. Kerner, 404 U.S. 519 (1972), and

Tennessee v. Lane, 541 U.S. 509 (2004), to ensure full and equal access to justice, and that all warranted accommodations be provided to protect Plaintiff's health, safety, and lawful rights under the United States Constitution.

---

This motion is submitted not only on behalf of Plaintiff and his family, but also in his official and unofficial capacity as the Honorable National Chief Advocate and Founder of Advocates for Disabled Americans, Veterans, Police, Firemen & Families, a national organization established to protect the rights and lives of vulnerable citizens under constitutional law.

Plaintiff asserts organizational standing under the First and Fourteenth Amendments, consistent with the holdings in:

- Citizens United v. FEC, 558 U.S. 310 (2010) – affirming that associations of citizens may engage in protected advocacy
- NAACP v. Button, 371 U.S. 415 (1963) – affirming that civil rights litigation is a form of protected speech
- ACLU v. Alvarez, 679 F.3d 583 (7th Cir. 2012) – affirming standing when government conduct frustrates the mission of an advocacy group
- Roberts v. U.S. Jaycees, 468 U.S. 609 (1984) – affirming associational and advocacy rights under the Fourteenth Amendment

To deny Plaintiff the ability to speak and file in defense of his organization's mission is to suppress core First Amendment speech and petitioning activity. This is not only an attack on the individual, but on the very constitutional mission of the organization itself.

---

This filing arises directly from Plaintiff's constitutional duty and protected mission to act as the voice for the voiceless, both for his own family and for all children and disabled individuals across the United States who lack representation and meaningful access to justice.

Plaintiff appears before this Court in two capacities:

1. As a disabled individual pro se litigant and advocate for his son and grandson; and
2. As the Honorable National Chief Advocate and Founder of Advocates for Disabled Americans, Veterans, Police, Firemen & Families.

As judges are recognized as "Your Honor" for their official role in protecting justice, so too must Plaintiff's official capacity and constitutional mission be recognized and

4

respected. This Court is now called to honor the spirit of the Constitution by acknowledging Plaintiff's dual standing, the legitimacy of this organization's voice, and the urgent moral imperative behind this motion.

---

Respectfully submitted,

*Darren Dione Aquino*

Darren Dione Aquino

Pro Se Plaintiff

Honorable National Chief Advocate and Founder,

Advocates for Disabled Americans, Veterans, Police, Firemen & Families

2805 Citrus Street

Naples, FL 34120

Email: ADAvetspets@gmail.com

Phone: 929-245-1151