UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

Case No.: 2:25-cv-00460-JLB-NPM

Darren Dione Aquino,

Plaintiff,

v.

City of Naples, et al.,

Defendants.

## RESPONSE TO LETTER FROM CLERK'S OFFICE AND DEMAND FOR ENFORCEMENT OF DISABILITY ACCOMMODATIONS AND COMMUNICATION ACCESS

COMES NOW, the Plaintiff, Darren Dione Aquino, appearing pro se and in his official capacity as Chief Advocate and Founder of Advocates for Disabled Americans, and hereby submits this response to the Clerk's June 4, 2025 letter (Doc. No. [Insert if docketed]) and respectfully asserts the following:

### I. THE COURT'S AFFIRMATIVE DUTY UNDER THE ADA

The Americans with Disabilities Act (ADA), Title II and Section 504 of the Rehabilitation Act require public entities, including courts, to ensure that disabled individuals have equal access to judicial proceedings and court-related communications.

As articulated in Tennessee v. Lane, 541 U.S. 509 (2004), the Supreme Court reaffirmed that "Title II of the ADA applies to the administration of justice in state courts" — a principle extended to federal courts by practice and precedent under Section 504.

**28 C.F.R. § 35.160(b)(1)**

"A public entity shall ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others."

**28 C.F.R. § 35.130(b)(7)**

"[A public entity] shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability…"

## II. PLAINTIFF'S RIGHT TO DIRECT ACCESS AND ACCOMMODATIVE COMMUNICATION

As a disabled pro se litigant, Plaintiff requires and is entitled to reasonable modifications and effective communication, including direct chamber access for clarity and direction, in lieu of the legal liaison afforded to attorneys.

This necessity is grounded not in preference but in federally protected rights due to:

- Plaintiff's cognitive and neurological disability (dyslexia and associated impairments);
- His status as a litigant lacking counsel but not lacking duty;
- His recognized standing under Bounds v. Smith, 430 U.S. 817 (1977), establishing the right of access to the courts.

## III. COMMUNICATION THROUGH THE CLERK'S OFFICE IS NOT A REASONABLE ALTERNATIVE

The denial of any avenue for direct judicial clarification, while licensed attorneys routinely communicate with chambers, constitutes unequal treatment under the ADA.

Clerks are not qualified to provide legal interpretation or instructions—yet Plaintiff is deprived of clarity afforded to represented parties unless permitted direct, even written, chamber communication for logistical guidance and accommodations.

It is precisely because of Plaintiff's disabilities that he cannot rely solely on filings through the Clerk's Office without appropriate interactive process and guidance.

## IV. PRESERVATION OF PRIVACY AND THE CLERK'S DUTY

Clerks are administrative officers and not neutral judicial arbiters. Forcing disabled plaintiffs to communicate intimate medical and ADA-related facts solely through clerk personnel, instead of offering direct and confidential access to the judge or chambers, violates:

- The right to privacy in disability disclosure under Doe v. Borough of Barrington, 729 F. Supp. 376 (D.N.J. 1990);
- The Rehabilitation Act as interpreted by the DOJ and Federal Judicial Center guidance;
- Canon 3(B)(5) of the Code of Conduct for United States Judges: "A judge should not engage in conduct that tends to demean the judicial office or impede the delivery of justice."

## V. REQUEST FOR MODIFICATION AND JUDICIAL NOTICE

Plaintiff formally requests the following relief:

1. That the Court recognize Plaintiff's right to dual-capacity representation (individual and organizational) under First Amendment protections (Citizens United v. FEC, 558 U.S. 310 (2010));
2. That the Court issue an Order of Reasonable Accommodation, allowing:
    - Direct written or scheduled virtual communication with chambers for clarification of procedural expectations;
    - Protection of disability-related disclosures in camera or under seal;
    - Emergency telephone communication when written responses fail to arrive timely;
3. That the Clerk's Office be directed to maintain strict confidentiality regarding any ADA-related materials not yet sealed, and to facilitate—not obstruct—reasonable access.

## VI. CONCLUSION

The Clerk's letter dated June 4, 2025, disregards the ADA-mandated duties of the judiciary and impairs Plaintiff's protected right to participate meaningfully in this litigation. To treat a disabled pro se plaintiff with less access than licensed attorneys is contrary to the spirit and letter of federal disability law.

Respectfully submitted this 4th day of June, 2025.

*Darren Dione Aquino*

Darren Dione Aquino

Plaintiff, pro se and as Chief Advocate, ADA

2805 Citrus Street, Naples, FL 34120

(929) 245-1151

adavetspets@gmail.com