UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DARREN DIONE AQUINO,

    Plaintiff,

v.

                                            Case No:  2:25-cv-00460-JLB-NPM

CITY OF NAPLES, et al.,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff Darren Aquino's Amended Complaint (Doc. 3). For the reasons set forth below, the Amended Complaint is **STRICKEN**.

## BACKGROUND

Mr. Aquino's Amended Complaint, titled Verified Complaint for Injunctive Relief, Declaratory Judgment, and Damages (Doc. 3), seeks to prevent Defendants City of Naples, Mayor Teresa Heitmann, Naples City Council, Judge John E. Steele, and Governor Ron DeSantis from allowing a June 7, 2025,[1] drag show performance to be held in Cambier Park, an outdoor venue located in Naples, Florida. Specifically, Mr. Aquino alleges that the drag performance presents harm to minors with disabilities. (Doc. 3). The Amended Complaint seeks relief pursuant to the First Amendment, Title II of the Americans with Disabilities Act, the Fourteenth Amendment, and Federal Rule of Civil Procedure 17(c). (*Id.* at 8).

---

[1] Though Mr. Aquino's Amended Complaint states that the performance was to be held on June 6, 2025, in later filings he acknowledged that the correct date was June 7, 2025. (*See* Doc. 9 at 3).

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Reasonable inferences from the factual allegations in a complaint are to be construed in the light most favorable to the plaintiff.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  A party must plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach County Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).  The Eleventh Circuit has identified four rough types of categories of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.  The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.  The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.  Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321–23.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

## DISCUSSION

At the outset, the Court addresses that Mr. Aquino—a *pro se* litigant—has filed his Amended Complaint on behalf of his "disabled child," "as CEO of Advocates for Disabled Americans, Veterans, Police, Firemen & Families," and individually. (Doc. 3 at 2). Though this Court has previously conveyed this defect in Mr. Aquino's Amended Complaint, it is worth reiterating. *See Aquino v. City of Naples*, No. 2:25-CV-00460-JLB-NPM, 2025 WL 1568152, at *1–2 (M.D. Fla. June 3, 2025) (explaining that Mr. Aquino cannot file an action on behalf of his adult son or an organization as a *pro se* litigant). Federal Rule of Civil Procedure 17(c) allows a guardian to sue on behalf of a minor child or incompetent person. Mr. Aquino has not alleged that his disabled child is a minor. (*See generally* Doc. 3). Indeed, the Amended Complaint admits that Mr. Aquino is "a father of a developmentally disabled *adult* son[.]" (*Id.* at 12). Nor has Mr. Aquino alleged that his child is incompetent under the law. (*See generally id.*). Further, "non-natural persons or entities, such as corporations, partnerships, and associations, may appear in federal court only through a lawyer." *Aquino*, No. 2:25-CV-00460-JLB-NPM, at *1 (citing M.D. Fla. R. 2.02(b)(2); *United States ex rel. Stronstorff v. Blake Med. Ctr.*, No. 8:01-

3

CV-844-T23MSS, 2003 WL 21004734, at *1 (M.D. Fla. Feb. 13, 2003) ("[A] lay person is entitled to represent only himself, not any other person or entity.")).

Additionally, Mr. Aquino's Amended Complaint is easily characterized as an impermissible shotgun pleading. The Amended Complaint does not comply with Federal Rules of Civil Procedure 8(a) or 10(b). *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"). Mr. Aquino provides no basis for this Court's jurisdiction over the matter. *See* Fed. R. Civ. P. 8(a)(1); (Doc. 3). And the Amended Complaint contains no "short and plain statement of the claim showing that the *pleader* is entitled to relief[.]" *See* Fed. R. Civ. P. 8(a)(2) (emphasis added); (Doc. 3). Though the Amended Complaint alleges that permitting the drag performance to be held outdoors is harmful to disabled minors, Mr. Aquino is barred from bringing such claims and has failed to allege any harm or potential harm to himself entitling him to relief. (*See generally* Doc. 3). Further, the Amended Complaint does not comply with Rule 10(b), requiring parties to present "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Indeed, not only does Mr. Aquino fail to utilize numbered paragraphs, he also does not break up the Amended Complaint based on claim *at all* and does not specify which allegations relate to which legal theory; instead, the Amended Complaint is a confusing and disorganized jumble of vague claims and random case citations. (*See generally* Doc. 3).

A side effect of such a haphazard pleading that has not spared Mr. Aquino is failure to specify "which Defendants are responsible for which actions." *Minott v. City of Fort Myers*, No. 2:23-CV-20-JLB-NPM, 2024 WL 1140890, at *3 (M.D. Fla. Mar. 15, 2024). Several courts in this district have dismissed pleadings on this basis. *Id.*; *Wood v. Fla.*, No. 8:22-CV-66-JLB-JSS, 2022 WL 1470348, at *4 (M.D. Fla. May 10, 2022); *Johnson v. Landsman*, No. 8:21-CV-2704-JLB-TGW, 2022 WL 1470320, at *3 (M.D. Fla. May 10, 2022). For instance, the Amended Complaint does not specify how or why Defendants Judge John E. Steele or Governor Ron DeSantis are implicated. (*See generally* Doc. 3). Such vague pleadings go against the purpose of Rule 8(a) and 10(b), which is "to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading" and "the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted[.]" *Weiland*, 792 F.3d at 1320 (citation omitted).

For these reasons, the Amended Complaint is an impermissible shotgun pleading. As such, the Court **STRIKES** Plaintiff's Amended Complaint (Doc. 3); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) ("A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds.") (quoting *Weiland*, 792 F.3d at 1320); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[I]n a case in which a party, plaintiff or defendant, files a shotgun pleading, the district court 'should strike the [pleading]

5

and instruct counsel to replead the case' . . . . This is so even when the other party does not move to strike the pleading.") (alteration in original).  The Court will allow Mr. Aquino leave to amend.  *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) ("[Federal Rule of Civil Procedure 15(a)] evinces a bias in favor of granting leave to amend."); *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").  No further leave will be granted.

## CONCLUSION

For the reasons set forth above, it is **ORDERED**:

1. Plaintiff's Amended Complaint (Doc. 3) is **STRICKEN**.

2. The Clerk of Court is **DIRECTED** to **STRIKE** Plaintiff's Amended Complaint (Doc. 3) and add a notation to the docket text stating that the document was stricken by this Order.

3. Plaintiff is afforded leave to file a third amended complaint.  If he chooses to do so, the third amended complaint must be filed within fourteen (14) days of the date of this Order.

**ORDERED** in Fort Myers, Florida, on July 2, 2025.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

6