UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DARREN DIONE AQUINO,

    Plaintiff,

v.

                                                                             Case No:  2:25-cv-00460-JLB-NPM

CITY OF NAPLES, et al.,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff Darren Aquino's Notice of Objection, which this Court construes as a motion for reconsideration under Federal Rule of Civil Procedure 59(e).  (Doc. 40); Fed. R. Civ. P 59(e).  Mr. Aquino asks this Court to reconsider its prior Order (Doc. 32) denying his Motion for Temporary Restraining Order (TRO) (Doc. 4) as moot in light of the Eleventh Circuit Court of Appeals decision reached in *Naples Pride, Inc. v. City of Naples*, No. 25-11756 (11th Cir. June 6, 2025) seeking the same relief.

Mr. Aquino moved to enjoin the City of Naples from allowing a June 7, 2025,[1] drag show performance to be held in Cambier Park, an outdoor venue located in Naples, Florida.  (Doc. 4).  At the same time, the Eleventh Circuit was considering an interlocutory appeal of a preliminary injunction issued in another case filed in

---

[1] Though Mr. Aquino's Emergency TRO states that the performance was to be held on June 6, 2025, in later filings he acknowledged that the correct date was June 7, 2025.  (*See* Doc. 9 at 3).

this District that rejected the City of Naples's decision to issue a permit restricting the performance to an indoor venue and its attendance to adults eighteen (18) or over. *See Naples Pride, Inc. v. City of Naples*, No. 2:25-CV-291-JES-KCD, 2025 WL 1370174, at *19 (M.D. Fla. May 12, 2025). Because Mr. Aquino sought the same relief, this Court held the case in abeyance pending the Eleventh Circuit's decision to avoid conflicting orders. *Aquino v. City of Naples*, No. 2:25-CV-00460-JLB-NPM, 2025 WL 1568152, at *1–2 (M.D. Fla. June 3, 2025).

On June 6, 2025, the Eleventh Circuit issued its opinion staying the preliminary injunction. *Naples Pride, Inc. v. City of Naples*, No. 25-11756 (11th Cir. June 6, 2025). Consequently, the drag show performance had to comply with the City of Naples's permit, requiring it to be held indoors and allow only those eighteen (18) or over to attend. *Id.* This is the same relief sought in Mr. Aquino's Motion for TRO. (Doc 4). Thus, this Court denied Mr. Aquino's TRO as moot in light of the Eleventh Circuit's Order. (Doc. 32 at 2-3) (citing *Naples Pride, Inc. v. City of Naples*, No. 25-11756). Now, Mr. Aquino asks this Court to reconsider its denial of the Motion for TRO. (Doc. 40).

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)) (alteration in original); *see Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993) ("The Court's reconsideration of a prior order is an extraordinary remedy. Exercise of this power

2

must of necessity be used sparingly."). Mr. Aquino presents neither. Rather, Mr. Aquino argues that his Motion for TRO presented "a distinct action." (Doc. 40 at 1).

However, the Court considered this in its Order holding the case in abeyance. *Aquino v. City of Naples*, No. 2:25-CV-00460-JLB-NPM, 2025 WL 1568152, at *1–2. There, this Court reasoned that Mr. Aquino sought the same relief as the defendants in *Naples Pride*—to hold the June 7, 2025, drag show performance indoors. *Id.*; (Doc. 4). To avoid potentially conflicting orders, this Court stayed Mr. Aquino's case pending the outcome of the *Naples Pride* appeal. *Aquino*, No. 2:25-CV-00460-JLB-NPM, at *1–2 (citing *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009) (holding that "the reason for the district court's stay was at least a good one, if not an excellent one: to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case")).

Because a motion for reconsideration "cannot [be] use[d] . . . to relitigate old matters," Mr. Aquino's Notice of Objection seeking reconsideration (Doc. 40) is **DENIED**. *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

**ORDERED** in Fort Myers, Florida, on July 2, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

3